UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
AVOCENT REDMOND CORP., a Washington : 
corporation, : Civil Action No. 10-CV-
 : 6100(PKC)(JLC)
             **Plaintiff,** :
 :
   - against - :
 :
RARITAN AMERICAS, INC., a New Jersey :
corporation, and RARITAN, INC., a Delaware :
corporation, :
 :
            **Defendants.** :
------------------------------------------------------------------ X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF AVOCENT REDMOND CORP.'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Avocent Redmond Corp. ("Avocent") respectfully submits this Memorandum of Law in Support of its Motion, pursuant to Federal Rule Civil Procedure 15(a), for an Order permitting Avocent to amend its Complaint to: (1) add allegations of infringement relating to United States Patent Nos. 7,113,978 and 7,818,367 (the "New Patents"); and (2) to withdraw Raritan, Inc. as a defendant from this action. A copy of Avocent's proposed amended pleading is attached to the Notice of Motion as Exhibit A.

The New Patents issued after the earlier litigation between these parties settled and are related to, and derive from, the same patent family as the previously asserted patents (called the "Beasley" patent family). In addition, further participation by Raritan Inc. is believed to be unnecessary because defendants have represented that Raritan Inc. is a holding company and does not make, use, or sell the accused products, and because of Raritan, Inc.'s agreement to be bound by any decision against its wholly-owned subsidiary, defendant Raritan Americas, Inc.

The present motion for leave is timely under this Court's October 14, 2010 Scheduling Order. Moreover, Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires ...." *See also Foman v. Davis*, 371 U.S. 178 (1962) (holding that absent futility, undue delay, bad faith, or prejudice to the non-moving party, leave should be "freely given"). In this case, justice would be served by including in the same proceeding all of Avocent's patent claims arising out of the same patent family, as opposed to separate, parallel proceedings.

Further, the defendants have agreed not to contest this motion provided that the Court (i) grants Raritan 30 days to Answer the amended pleading and (ii) modifies the Scheduling Order to provide a 60 day extension of discovery. In exchange for Raritan's agreement not to contest this motion, Avocent has agreed not to contest Raritan's request.

Accordingly, Avocent respectfully submits that its request for leave to file an Amended Complaint should be granted.

Dated:   New York, New York
         December 13, 2010

FRIEDMAN & WITTENSTEIN
A Professional Corporation

By: _____
    Stuart I. Friedman (SF-9186)
    Paul S. Grossman (PG-6570)

600 Lexington Avenue
New York, New York  10022
(212) 750-8700

James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON, BERQUIST, JACKSON & GOWDEY LLP
4300 Wilson Boulevard
Arlington, Virginia  22203

*Attorneys for Plaintiff*