USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-26-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AVOCENT REDMOND CORP.,

                Plaintiff,                10 Civ. 6100 (PKC)

  -against-

                                            MEMORANDUM AND ORDER

RARITAN AMERICAS, INC.,

                Defendant.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Avocent Redmond Corp. ("Avocent") seeks to prevent defendant Raritan Americas, Inc. ("Raritan") from obtaining materials prepared by Avocent and exchanged with the opposing party in mediation sessions conducted by Honorable Lawrence S. Margolis, Senior Judge, United States Court of Federal Claims, in <u>Avocent Redmond Corp. v. United States and Rose Electronics,</u> 08-69C. The mediation memoranda were required to be submitted by various orders of Judge Margolis. The Court of Claims adopted an alternate dispute resolution procedure as Appendix H to the Court's rules. It provides that "All ADR proceedings, including documents generated solely for the proceedings and communications with the scope of the proceedings are confidential and will not be provided to a judge of the court who is not the settlement judge in the dispute. " The action settled and Avocent has produced to Raritan a copy of the settlement agreement but not any of the memoranda submitted as part of the mediation process.

        Raritan has elected to proceed by a subpoena issued out of the United States District Court for the Southern District of Texas—bearing the caption and docket number of this case---and directed to the counter party in the settlement, Rose Electronics.

        Under <u>Georgia Pacific</u>, royalties received by the patent owner from existing

licensees are relevant in calculating damages for infringement of a patent. The negotiations surrounding the royalty rate may have bearing on an understanding of the terms to which the parties agreed. See Res QNet.com v. Lansa, Inc., 594 F3d 860 (Fed. Cir. 2010). But this general rule is only a starting point in the analysis of whether and when a party should be required to produce documents pursuant to a Court-annexed mediation.

The Federal Circuit recognizes the importance and value of the mediation process. Its own rules provide that "All mediators must protect the confidentiality of the substance of all proceedings and are prohibited from complying with subpoenas or other requests for information about mediated cases. . . .The substance of mediation is confidential and may not be disclosed by the mediator or any participants, except in the course of litigation concerning enforceability of any agreements reached through mediation." Appellate Mediation Program Guidelines (Effective May 1, 2008) at ¶ 5.

While no party has cited to controlling case law from the Federal Circuit, it is likely that if presented with the issue, it would adopt a rule at least as restrictive as that adopted by the Second Circuit in In re Teligent, Inc., 640 F.3d 53, 57 -58 (2d Cir. 2011). "A party seeking disclosure of confidential mediation communications must demonstrate (1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality. " Having reviewed the submissions of Raritan, they have not satisfied any one of the three prongs.

This Court is vested with power under Rule 16(b)(3)(B)(iii), Fed. R. Civ. P., to "modify the extent of discovery. . . ." Raritan is ordered not to enforce the subpoena against non-party Rose Electronics to the extent it seeks materials submitted to the judge, acting as mediator, in Avocent Redmond Corp. v. United States and Rose Electronics, 08-69C.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 23 , 2011